

United States Equal Employment Opportunity Commission
Philadelphia District Office
21 S. 5th Street, Suite 400
Philadelphia, PA 19106
(215) 440-2684

Iris Santiago-Flores, Trial Attorney

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,  Plaintiff,  v.  AMYCEL, INC., (a subsidiary of MONTEREY MUSHROOMS, INC.),  Defendant. | ) ) ) ) ) ) CIVIL ACTION NO. ) C04-3295 ) ) COMPLAINT ) JURY TRIAL DEMAND ) ) ) ) |

FILED
JUL 13 2004
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices that discriminate on the basis of national origin and retaliation and to provide appropriate relief to Ronald Berger, who was adversely affected by such practices. As articulated with greater particularity in paragraphs 7 and 8 below, the Commission alleges that Mr. Berger was subjected to a hostile work environment because of his national origin when he was subjected to humiliating and offensive insults and derogatory remarks by his direct supervisor. The Commission alleges that although Mr. Berger objected to such offensive conduct, the harassment did not stop.

In addition, the Commission alleges that as a result of his complaints of illegal harassment Defendant Employer terminated Mr. Berger's employment abruptly and denied him other



employment opportunities in retaliation for his complaints of discrimination. Consequently, Mr. Berger suffered backpay and frontpay losses, as well as severe emotional distress damages.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. "§ 2000e-5(f)(1) and (3)" ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000(e)-5(f) (1) and (3).

4. At all relevant times, Defendant Employer, Amycel, Inc., has continuously been and is now doing business in Avondale, Pennsylvania and has continuously had at least fifteen (15) employees. Upon information and belief, Defendant Amycel, Inc., is a wholly owned subsidiary of Monterey Mushrooms, Inc., a California corporation with over 3,000 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, the Charging Party, Ronald Berger, filed a charge of employment discrimination with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least October 2002, Defendant Employer engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by subjecting Ronald Berger to a hostile and abusive work environment when Defendant's Sales Director, Carl Fusco engaged in a pattern of harassment against Mr. Berger. The offensive conduct includes, but is not limited to, the following:

(a) Defendant is a mushroom production and distribution company with over 3,000 employees.

(b) Ronald Berger is of Mediterranean descent, has an olive complexion, and had a full beard at the relevant time of his employment with Defendant.

(c) Mr. Berger was hired on June 10, 1985, as a Grower Trainee at Defendant's California location. Thereafter, he received a series of promotions. In or about September 2002, Carl Fusco (white), Sales Director, became Mr. Berger's supervisor, when Mr. Berger was promoted to a Plant Manager position. Mr. Berger relocated to work at Defendant's Avondale, Pennsylvania facility in or about February 2002. His job title was later changed to Distribution Manager.

(d) At all relevant times during his employment, Mr. Berger's performance was satisfactory.

(e) In early October 2002, while waiting in a queue with Mr. Fusco at the Edmonton, Canada airport, Fusco grabbed Mr. Berger's driver's license, looked at the picture on it and publicly

3

referred to him in a loud voice as a "terrorist!"

(f) On several other occasions in the workplace and in front of other employees, Fusco commonly referred to Mr. Berger as "Osama Bin Laden", and specifically called him "Osama Bin Laden" at a staff meeting on March 17, 2003.

(g) Louise Gambill, Defendant's Human Resources Assistant, also referred to Mr. Berger as a "terrorist" in April 2003, in Defendant Employer's board room when staff were reviewing job applications for driver positions.

(h) Mr. Berger complained to Mr. Fusco that the offensive comments were unwelcome; however, the harassment continued. On April 23, 2003, Mr. Berger complained to Defendant Employer's Human Resources Manager about the harassment. However, Defendant Employer took no corrective action.

(i) The offensive conduct caused Mr. Berger great embarrassment, humiliation, and detrimentally affected his performance and work environment.

8. Further, on or about July 18, 2003, Defendant Employer engaged in unlawful employment practices in violation of Section 704(a)(1), as amended, 42 U.S.C. § 2000e- 3(a). Specifically, the Commission alleges that Defendant discriminated against Mr. Berger when it terminated his employment, denied him other available job opportunities, and deemed him "not re-hireable" in retaliation for his complaints of discrimination, as follows:

(a) On April 23, 2003, Mr. Berger complained to Defendant's Human Resource Manager, Monique Hamrick, who is located in Defendant's Corporate office in California, that he was being subjected to national origin harassment when he was repeatedly called "Osama Bin Laden" and "terrorist" by his supervisor, Carl Fusco.

(b) On May 6, 2003, Mr. Berger communicated again with Ms. Hamrick about the progress of Defendant Employer's investigation into his discrimination complaint.

(c) On June 5, 2003, Defendant Employer recommended the termination of Mr. Berger as soon as he returned from his expected vacation in June. Although Defendant Employer concluded its investigation of Mr. Berger's harassment complaint on June 12, 2003, it failed to address the issue of whether Mr. Berger was subjected to national origin harassment.

(d) On July 12, 2003, Mr. Berger returned from vacation earlier than planned because Fusco advised him that he would be needed to be "on call" during the weekend of June 12, 2003, and that he needed to report to the facility on July 14, 2003. However, four days after returning to work, on July 18, 2003, Mr. Berger's employment was terminated and he was told that his Distribution Manager position was being eliminated because it had never been budgeted appropriately. Further, Mr. Berger was unjustly denied other available positions within Defendant's company, and was deemed not "re-hireable." Fusco quickly escorted Mr. Berger to his car with his belongings and was told to leave the premises.

9. The effect of the practices complained of in paragraphs 7 and 8 above have been to deprive Mr. Berger of equal employment opportunities and otherwise adversely affect his status as an employee because of his national origin and in retaliation for his complaints of illegal harassment.

10. The unlawful employment practices complained of in paragraphs 7 and 8 above were done with malice or with reckless indifference to the federally protected rights of Mr. Berger.

11. The acts complained of in paragraphs 7 and 8 above were intentional.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in harassment, discharge, and any other employment practice which discriminates on the basis of national origin and/or retaliation.

B.  Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees, which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant Employer to make whole Ronald Berger by providing appropriate back pay with prejudgment interest, and front pay, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place reinstatement.

D.  Order Defendant Employer to make whole Mr. Berger by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 and 8 above, including but not limited to out-of-pocket losses in amounts to be determined at trial.

E.  Order Defendant Employer to make whole Mr. Berger by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7 and 8 above, including pain and suffering, humiliation, embarrassment, and loss of life's pleasures, in amounts to be determined at trial.

  F. Order Defendant Employer to pay Mr. Berger punitive damages for its malicious and reckless conduct described in paragraphs 7 and 8 above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

                    Respectfully submitted,

                    ERIC S. DREIBAND
                    General Counsel

                    JAMES L. LEE
                    Deputy General Counsel

                    GWENDOLYN YOUNG REAMS
                    Associate General Counsel

                    EQUAL EMPLOYMENT OPPORTUNITY
                    COMMISSION

                    JACQUELINE H. MCNAIR
                    Regional Attorney

                    JUDITH A. O'BOYLE
                    Supervisory Trial Attorney

                    IRIS SANTIAGO FLORES
                    Senior Trial Attorney

                    U.S. EEOC, Philadelphia District Office
                    21 S. 5th Street, Suite 400
                    Philadelphia, PA 19106
                    (215) 440-2684(direct)
                    (215) 440-2828(fax)
                    PA BAR ID No.: PA60171
                    Iris.Flores@eeoc.gov