United States Equal Employment Opportunity Commission
Philadelphia District Office
21 S. 5ᵗʰ Street, Suite 400
Philadelphia, PA 19106
(215) 440-2684

Iris Santiago-Flores, Senior Trial Attorney

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 04-cv-3295 (WY) |
| AMYCEL, INC. (a subsidiary of MONTEREY MUSHROOMS, INC.) | ) ) ) ) | |
| Defendant. | ) ) ) | |

### CONSENT DECREE

This Consent Decree is entered into by the Plaintiff, the United States Equal Employment

Opportunity Commission (the "EEOC" or the "Commission") and the Defendant, Amycel, Inc. (a

subsidiary of Monterey Mushrooms, Inc.), its directors, officers, agents, employees, successors or

assigns.

The Commission brought this action on June 13, 2004, in the United States District Court

for the Eastern District of Pennsylvania to enforce the provisions of Title VII of the Civil Rights Act

of 1964, as amended, and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 2000e, et. seq ("Title

VII"). In its Complaint, the Commission alleged that Ronald Berger was subjected to a hostile work

environment because of his national origin when he was subjected to humiliating and offensive

insults and derogatory remarks by his direct supervisor. The Commission alleged that although Mr.

Berger objected to such offensive conduct, the harassment did not stop. Instead, without just cause, Defendant terminated Mr. Berger's employment abruptly and denied him other employment opportunities in retaliation for his complaints of discrimination. Consequently, Mr. Berger has suffered severe emotional distress and damages.

As a result of settlement discussions, and in an attempt to avoid litigation costs, the parties to this action do hereby agree to entry of this Consent Decree (hereinafter referred to as the "Decree") which shall resolve fully and finally all claims which were raised by the EEOC in its Complaint. It is the intent of the parties that this Decree shall be a final and binding settlement between the parties signatory hereto, their successors and assigns, in full disposition of all claims alleged in the Commission's Complaint against Amycel, Inc.

The Parties hereby agree that:

1. This Decree is entered into in compromise of the claims asserted in this civil action. Amycel, Inc. denies any wrongdoing, and this Decree shall, under no circumstances, be construed or deemed to be evidence of any wrongdoing, fault, or liability; or any infirmity in the defenses that Amycel, Inc. asserted.

2. The EEOC is the agency of the United States government authorized by Congress to investigate allegations of unlawful employment discrimination, to bring civil actions based upon these allegations of unlawful practices, and to seek relief for individuals affected by such practices.

3. The parties stipulate that, pursuant to Title VII and 28 USC § 451, 1331, 1337, 1343, and 1345, the United States District for the Eastern District of Pennsylvania has jurisdiction over both the subject matter and the parties in this case. The parties further stipulate that venue is appropriate in the Eastern District of Pennsylvania.

2

## NON-DISCRIMINATION

4. Amycel, Inc. will comply fully with all of the provisions of Title VII, and will avoid engaging in any employment practice which operates to deny equal employment opportunity based on national origin and/or retaliation, in violation of Title VII.

5. Amycel, Inc. shall not engage in any employment practices which retaliate in any manner against any person, including but not limited to Ronald Berger, because of that person's cooperation with the EEOC with respect to this civil action. Amycel, Inc. will comply with Title VII's prohibition of retaliation because of the filing of a charge, the giving of testimony or assistance, or participation in this matter, or in any investigation, hearing or proceeding under Title VII.

6. Amycel, Inc. shall not divulge, directly or indirectly, to any employer or potential employer of Ronald Berger, the facts or circumstances related to the charge of discrimination against Amycel, Inc., or any of the events relating to his participation in the litigation of this matter.

7. This Decree, being entered into with the consent of the Commission and Amycel, Inc., shall not constitute an adjudication or finding on the merits of the case and shall not be construed as an admission of liability by Amycel, Inc..

## MONETARY COMPENSATION

8. Amycel, Inc. agrees to pay the sum total of One Hundred Fifty Two Thousand Five Hundred dollars ($152, 500) to Ronald Berger in settlement of claims brought by the EEOC in this action. In consideration, Mr. Berger will be required to promptly execute the attached Release (Exhibit A) which will be forwarded to Amycel, Inc. in order to receive the monetary payment.

9. Within fourteen (14) days after Amycel, Inc. has received the executed release, Defendant will make the agreed monetary payment. Proof of the payment shall be mailed to Iris Santiago-

3

Flores, Senior Trial Attorney, EEOC, Philadelphia District Office, 21 S. Fifth Street, Suite 400, Philadelphia, PA 19106.

## EQUITABLE RELIEF

Defendant Amycel, Inc. agrees to the following injunctive relief:

12. Amycel, Inc. agrees to post a Notice at all its Amycel, Inc. facilities in the form attached hereto as Exhibit "B" for a period of two (2) years from the date of the filing of this Decree with the Court. The Notice shall be easily legible and shall be posted on the bulletin boards at Amycel, Inc. where notices, bulletins or announcements of this nature are usually and customarily posted for the benefit of all employees. Should the posted copy of the Notice become defaced, marred or otherwise made unreadable, Amycel, Inc. agrees immediately to post a readable copy of the Notice.

13. Amycel, Inc. agrees to conduct training on employment discrimination, specifically national origin discrimination, harassment, and retaliation, under Title VII for all its officials, directors, upper- and middle-managers, supervisors, and employees at all its Amycel, Inc. facilities. The training shall begin within 90 days of the filing of the Decree with the Court and be completed by March 30, 2005. Defendant agrees to notify the Commission as to the date of the training, and provide the identity of the presenter(s) and information regarding the substantive content presented at the training to the Commission after the training is completed.

14. Amycel, Inc. agrees to provide to Ronald Berger a neutral letter of reference, stating only Mr. Berger's positions and responsibilities with Amycel, Inc., along with date(s) of employment and salary.

4

## DISPUTE RESOLUTION AND COMPLIANCE

15. The Court may order expedited discovery under the Federal Rules of Civil Procedure for purposes of determining compliance with this Decree or defending against a claim of non-compliance. The Court will have all equitable powers, including injunctive relief, to enforce this Decree.

16. If any provision of the Consent Decree is found to be unlawful, only the specific provision in question shall be affected and the other provisions will remain in full force and effect.

17. The terms of the Decree are and shall be binding upon the present and future employees, agents, trustees, administrators, successors, representatives, and assigns of Amycel, Inc..

18. This Decree constitutes the entire agreement and commitments of the parties. Any modifications to this agreement must be mutually agreed upon and memorialized in a writing signed by Amycel, Inc. and the Commission.

19. This Decree shall be filed in the United States District Court for the Eastern District of Pennsylvania and shall continue to be in effect for a period of Two (2) years.

20. The Parties agree to file a Stipulation of Dismissal with Prejudice in the form attached hereto as Exhibit "C".

21. Failure by the Commission to seek enforcement of this Decree with regard to one provision shall not be construed as a waiver of its rights to do so with regard to the same or other provisions of this Decree.

5

For:
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

Eric S. Dreiband
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel
Washington, D.C.

Jacqueline H. McNair
Regional Attorney

Judith A. O'Boyle
Supervisory Trial Attorney

Iris Santiago-Flores
Senior Trial Attorney

U.S. EEOC
Philadelphia District Office
21 S. 5th Street, Suite 400
Philadelphia, PA 19106
(215) 440-2828

Date: 9/14/04

APPROVED AND SO ORDERED:

9 / 1 7 / 0 4
DATE

For:
AMYCEL, INC.

Annie Long, Director of Human Resources
260 Westgate Drive
Watsonville, California 95076

Date: September 10, 2004

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. ) 04-cv-3295 (WY) ) |
| AMYCEL, INC. (a subsidiary of MONTEREY MUSHROOMS, INC.) | ) ) ) ) |
| Defendant. | ) ) |

## RELEASE BY CHARGING PARTY

Pursuant to the terms of the Consent Decree entered into by the Equal Employment Opportunity Commission ("EEOC") and Amycel, Inc. in the above-captioned case, I, Ronald Berger, do hereby waive, remit, release and forever discharge Amycel, Inc., its subsidiary companies, and any and all of the officers, directors, agents, employees, and members of such entities from any and all claims, demands or causes of action under Title VII, arising from any right or entitlement now existing until the date of execution of this Release for facts arising from or allegations made in EEOC v. Amycel, Inc, Civil Action No.04-cv-3295, based on claims of national origin discrimination and retaliation occurring prior to this date. This Release is freely executed in return for the good and valuable consideration set forth in the above-referenced Consent Decree.

Date:_____, 2004          SIGNATURE:_____
                                                                    Ronald Berger

Sworn to and Subscribed
Before me this _____ day
of_____, 2004.

_____
NOTARY PUBLIC

My Commission Expires:

**Exhibit "A"**

# NOTICE

Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, *et seq.*, as amended, ("Title VII"), prohibits discrimination against employees and applicants for employment based upon race, color, sex, religion, or national origin. Title VII further prohibits retaliation against employees or applicants who avail themselves of the rights under Title VII by engaging in protected activities, such as filing a charge of discrimination and/or testifying or participating in a Commission investigation.

The Equal Employment Opportunity Commission (the "EEOC" or the "Commission") is the federal agency which investigates charges of unlawful employment discrimination. The EEOC has the authority to bring lawsuits in federal court to enforce Title VII.

This notice is being posted as part of the resolution of EEOC v. AMYCEL, INC., Civil Action No.04-cv-3295. The EEOC brought this action against Amycel, Inc. to enforce provisions of Title VII, specifically alleging that Amycel, Inc. violated Title VII of the 1964 Civil Rights Act.   In its Complaint, the Commission alleged that Mr. Berger was subjected to a hostile work environment because of his national origin when he was subjected to humiliating and offensive insults and derogatory remarks by his direct supervisor. The Commission alleged that although Mr. Berger objected to such offensive conduct, the harassment did not stop. Instead, without just cause, Defendant terminated Mr. Berger's employment abruptly and denied him other employment opportunities in retaliation for his complaints of discrimination.

Amycel, Inc.. denies these allegations. A Consent Decree has been entered into in compromise of disputed claims asserted in this civil action in order to avoid the expense and inconvenience of litigation and was in no way a finding or admission of wrongdoing or illegal conduct by Amycel, Inc.

Amycel, Inc. fully supports and will comply with Title VII in all respects. In furtherance of the resolution of this matter, Amycel, Inc. is committed to the principle of equality of opportunity and will not engage in any employment practice which in any way operates to deny equal employment opportunities in violation of Title VII on the basis of race, color, religion, sex, or national origin. Furthermore, in accordance with Title VII, Amycel, Inc. will not take any action against any employee, any applicant for employment or any family member of any employee because he or she has exercised any right under Title VII, including the filing of a charge of discrimination with the Equal Employment Opportunity Commission or for testifying or participating in a Commission investigation.

This Notice will remain posted at all Amycel, Inc. facilities for a period of two (2) years, pursuant to provisions of the Consent Decree, and must not be defaced or removed. This Notice will be available for inspection by all employees of Amycel, Inc. and/or by the EEOC, pursuant to the provisions of the Consent Decree entered by the parties in resolution of the underlying litigation.

**THIS NOTICE MUST NOT BE REMOVED**
**FOR A PERIOD OF TWO (2) YEARS**

_____          _____
U.S. Equal Employment Opportunity Commission          Amycel, Inc.

**Exhibit "B"**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY<br>COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AMYCEL, INC. (a subsidiary of<br>MONTEREY MUSHROOMS, INC.)<br><br>Defendant. | )<br>)<br>)<br>)<br>)   CIVIL ACTION NO.<br>)   04-cv-3295 (WY)<br>)<br>)<br>)<br>)<br>)<br>) |

## STIPULATION AND ORDER OF DISMISSAL

Pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure and pursuant to

provisions of the Consent Decree, the Plaintiff, Equal Employment Opportunity Commission

("EEOC"), and Defendant, Amycel, Inc., hereby agree to dismiss Civil Action No. 04-cv-3295

with prejudice, each party to bear its own costs and attorneys' fees.

Jurisdiction over this matter will be retained by the Court for a period of two (2) years

and/or until the monetary and equitable relief provisions of the Consent Decree are fully

satisfied.

For:
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

Eric S. Dreiband
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel
Washington, D.C.

For:
AMYCEL, INC.


Annie Long, Director of Human Resources
260 Westgate Drive
Watsonville, California 95076

Date: September 10, 2004

Jacqueline H. McNair
Regional Attorney

Judith A. O'Boyle
Supervisory Trial Attorney

Iris Santiago-Flores
Senior Trial Attorney

U.S. EEOC
Philadelphia District Office
21 S. 5th Street, Suite 400
Philadelphia, PA 19106
(215) 440-2828

Date: 9/14/04

APPROVED AND SO ORDERED:

_____          _____
DATE                                           J.


Exhibit "C"